# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 2:11-cv-00332-RCJ-GWF |
| HODSON BROADCASTING, | ) ) | **ORDER** |
| Defendant. | ) ) ) | |

The United States has sued Defendant Hodson Broadcasting to enforce a $20,000 forfeiture order of the Federal Communications Commission ("FCC") arising out of Defendant's willful and repeated operation of an unauthorized FM radio station in Raton, New Mexico, thirty-four miles from Defendant's permitted location of Des Moines, New Mexico, and using an improper antenna and structure. (*See* Compl., Mar. 2, 2011, ECF No. 1). Defendant answered and filed a counterclaim challenging the FCC's findings. Plaintiff has moved to dismiss the counterclaim for lack of subject matter jurisdiction. Defendant has not timely responded, which constitutes consent to granting the motion. *See* Local R. 7-2(d). Except for certain challenges to licensing decisions that may be appealed to the U.S. Court of Appeals for the D.C. Circuit, the FCC's final orders must be appealed in accordance with "chapter 158 of Title 28." *See* 47 U.S.C. § 402(a)–(b). Chapter 158 in turn vests exclusive jurisdiction to review final orders of the FCC in the court of appeals. *See* 28 U.S.C. § 2342(1). Here, venue likely lies in the U.S. Court of Appeals for the Ninth Circuit because Defendant apparently has its principal operating office in Nevada, *see id.* § 2343, but this Court has no jurisdiction over the appeal.

The Court will also order Mr. Richard Hodson to show cause why it should not strike the answer from the record. Mr. Hodson has attempted to represent Hodson Broadcasting "in proper person," but a Hodson Broadcasting appears to be a legal entity with an existence independent from Mr. Hodson, and it may therefore only appear in federal court through licensed counsel. *See United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (citing 28 U.S.C. § 1654).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss Counterclaim (ECF No. 10) is GRANTED.

IT IS FURTHER ORDERED that within twenty-one (21) days, Defendant shall either cause a licensed attorney to enter a notice of appearance into the record or, if not, shall file a pleading to show cause why the answer should not be stricken from the record for failure to comply with 28 U.S.C. § 1654.

IT IS SO ORDERED.

DATED: This 5th day of July, 2011.

_____
ROBERT C. JONES
United States District Judge