# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | 2:11-cv-00332-RCJ-GWF |
| vs. ) | |
| ) | |
| HODSON BROADCASTING, ) | **ORDER** |
| ) | |
| Defendant. ) | |

The United States has sued Defendant Hodson Broadcasting to enforce a $20,000 forfeiture order of the Federal Communications Commission ("FCC") arising out of Defendant's willful and repeated operation of an unauthorized FM radio station in Raton, New Mexico, thirty-four miles from Defendant's permitted location of Des Moines, New Mexico, as well as his use of an improper antenna and structure. (*See* Compl., Mar. 2, 2011, ECF No. 1).  The Court dismissed Defendant's counterclaim challenging the FCC's findings for lack of subject matter jurisdiction.  In dismissing the counterclaim, the Court also ordered Mr. Richard Hodson to show cause why it should not strike the Answer, because Mr. Hodson purported to represent Hodson Broadcasting "in proper person" where Hodson Broadcasting may have been a corporate entity, requiring its appearance through licensed counsel. *See United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (citing 28 U.S.C. § 1654).

Defendant has asked the Court to reconsider dismissal of the counterclaim and has represented that it is not a corporate entity of any stripe requiring separate representation, but rather a sole proprietorship.  "A sole proprietorship may litigate pro se, because it has no legal

identity separate from the proprietor himself." *United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008) (citations omitted). After oral argument, the Court is satisfied that Hodson Broadcasting is a sole proprietorship that Mr. Hodson may represent in pro se. The Court, however, will not reconsider dismissal of the counterclaim. Except for certain challenges to licensing decisions that may be appealed to the U.S. Court of Appeals for the D.C. Circuit, the FCC's final orders must be appealed in accordance with "chapter 158 of Title 28." *See* 47 U.S.C. § 402(a)–(b). Chapter 158 in turn vests exclusive jurisdiction to review final orders of the FCC in the courts of appeals. *See* 28 U.S.C. § 2342(1). Here, jurisdiction and venue likely lie in the U.S. Court of Appeals for the Ninth Circuit because Defendant apparently has its principal operating office in Nevada. *See id.* § 2343. Defendant has cited no authority supporting this Court's jurisdiction over his counterclaim.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reinstate Counterclaim (ECF No. 20) is DENIED.

IT IS SO ORDERED.

Dated this 21st day of October, 2011.

_____
ROBERT C. JONES
United States District Judge